UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SABIN BARENDT,   )   3:08-CV-161-LRH (RAM)
                )
        Plaintiff,   )   **REPORT AND RECOMMENDATION**
                )   **OF U.S. MAGISTRATE JUDGE**
    vs.         )
                )
JIM GIBBONS, et al.,   )
                )
        Defendants.   )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for a Preliminary Injunction (Doc. #21[1]). Defendants have opposed (Doc. #24), and Plaintiff has replied (Doc. #27). After a thorough review, the court recommends that the motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Sabin Barendt ("Barendt") was in custody of the Nevada Department of Corrections (NDOC) as an inmate at Lovelock Correctional Center (LCC). Barendt has filed a motion[2] for a mandatory preliminary injunction "requiring the impoundment of all Federal Funds aquired [sic] and/or expended by the Nevada Department

---

[1] Refers to court's docket number.

[2] The motion for preliminary injunction makes a number of claims not contained in the complaint. The court has denied Barendt's motion for leave to amend his complaint. (Doc. #35.) Accordingly, these allegations will not be considered by the court.

1

of Corrections since May 4th, 2007, or in the alternative the Religious Programs, at Lovelock Correctional Center (L.C.C.), to that which was in place prior to, on or about, March 10th, 2007." (Doc. #21 at 1.) Barendt belongs to the Jewish faith. (Doc. #7 at 7.) The gravamen of his complaint is that the prison's nightly count of inmates interferes with the Friday evening Shabbat religious service. (*Id*. at 6.) Barendt alleges that the pre-Shabbat candle lighting ceremony (called Seder Kabbahlat Shabbat) is supposed to coincide with the setting of the sun. (*Id*. at 10.) As clarified during oral argument, while Barendt is allowed by himself to perform the Seder Kabbahlat Shabbat, other inmates must remain in their cells until the count is completed, typically around 7:15 pm.

## II. LEGAL STANDARD

The Ninth Circuit uses two alternative tests to determine whether a temporary restraining order should issue. According to the "traditional test," the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and in certain cases (4) advancement of the public interest. *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005); *Textile Unlimited, Inc. v. A. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir.1980)). In the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where injunctive relief is available to a party demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir.2000)). These last two criteria are "outer reaches 'of a single continuum.'" *Los Angeles Memorial Coliseum Comm.*, 634 F.2d at 1200-01 (internal citations omitted).

///
///

Under the Prison Litigation Reform Act (PLRA), additional requirements must be satisfied before granting injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) ... operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. DISCUSSION

**A.   LIKELIHOOD OF SUCCESS**

A likelihood of success on the merits is the first factor to consider in deciding whether to grant the preliminary injunction. Barendt's claim founders on the redressability requirement for standing. This issue is raised sua sponte because "federal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999). To state a cognizable claim, Barendt must demonstrate that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

The remedy sought by Barendt in his complaint is not an order permitting inmates to attend the Friday night Shabbat service through an "outcount" procedure[3], but rather an injunction preventing NDOC from receiving federal funding. (Doc. #7 at 21.) In his motion for a preliminary injunction, Barendt offers no proof that NDOC would change the counting

---

[3] This is when prisoners are counted for administrative purposes at a location other than their cells.

3

1 procedure to accommodate inmates wishing to attend Seder Kabbahlat Shabbat if the court
2 awarded the requested relief. At best, the remedy he seeks only offers a "speculative"
3 possibility that the prison would change its practices in response to the financial constraints
4 imposed if this court were somehow to prevent it from receiving federal funds. On this basis
5 alone, the motion should be denied. *See Laidlaw*, 528 U.S. at 181, 120 S.Ct. 693, 145 L.Ed.2d
6 610.

7 Turning to the merits, Barendt brings his claim under the Religious Land Use and
8 Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*., which provides in relevant
9 part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

15 42 U.S.C. § 2000cc-1(a). "Religious exercise" is defined as "any exercise of religion, whether
16 or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).
17 "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and
18 obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a).

19 To establish an RLUIPA violation, the plaintiff bears the initial burden to prove that the
20 defendants' conduct places a "substantial burden" on his "religious exercise." *Warsoldier v.*
21 *Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). Once the plaintiff establishes a substantial
22 burden, defendants must prove that the burden both furthers a compelling governmental
23 interest and is the least restrictive means of achieving that interest. *Id*. at 995. RLUIPA is to
24 be construed broadly in favor of the inmate. *See* 42 U.S.C. § 2000cc-3(g) ("This chapter shall
25 be construed in favor of a broad protection of religious exercise, to the maximum extent
26 permitted by the terms of this chapter and the Constitution"). The Ninth Circuit has set out
27 four factors for the RLUIPA analysis: (1) what "exercise of religion" is at issue; (2) whether

28
4

there is a "burden," if any, imposed on that exercise of religion; (3) if there is a burden, whether it is "substantial;" and (4) if there is a "substantial burden," whether it is justified by a compelling governmental interest and is the least restrictive means of furthering that compelling interest. *Navajo Nation v. U.S. Forest Service*, 479 F.3d 1024, 1033 (9th Cir. 2007), *aff'd en banc*, 535 F.3d 1058, 1068 (9th Cir. 2008).

Although RLUIPA does not define "substantial burden," the Ninth Circuit has stated that a substantial burden is one that is "'oppressive' to a 'significantly great' extent. That is, a 'substantial burden, on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier*, 418 F.3d at 995 (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). The burden need not concern a religious practice that is compelled by, or central to, a system of religious belief, *see* 2000cc-5(7)(A); however, the burden must be more than an inconvenience. *Navajo Nation*, 479 F.3d at 1033 (internal quotations and citations omitted). In fact, RLUIPA "bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." *Cutter v. Wilkenson*, 544 US 706, 725, n. 13 (2005). The burden must prevent the plaintiff "from engaging in [religious] conduct or having a religious experience." *Navajo Nation*, 479 F.3d at 1033 (internal citations omitted).

Barendt fails to demonstrate that he suffers a "substantial" burden to practicing his religion under the first step of the RLUIPA analysis. By his own admission during the oral hearing on this motion, he is permitted to attend the candle-lighting service by himself. His complaint appears to arise from the fact that other inmates are not permitted to attend, thereby precluding the recitation of prayers as a group. (Doc. #21 at 20.) The inability to collectively worship does not exact an "oppressive" effect on Barendt's practice of his religion or preclude him from having a religious experience. Other Jewish inmates are permitted to join Barendt at the conclusion of the count on Friday evenings. Furthermore, group service on Saturday evenings are able to proceed without hindrance. Therefore, the court finds it unlikely that Barendt can make a "strong" showing of a likelihood of success on the merits of his claim.

*Beardslee*, 395 F.3d at 1067.

**B.    IRREPARABLE INJURY**

The burden on Barendt's practice of his Jewish faith has already been discussed above as a threshold inquiry under RLUIPA. To reiterate, the court does not find that Barendt will suffer from a substantial burden on the practice of his religion if the injunction is denied.

**C.    BALANCE OF HARDSHIPS**

Finally, the balance of hardships in this case favors Defendant. The *de minimis* burden on Barendt's religious practice is not outweighed by the prison's interest in the safety and security of the institution. The responses to Barendt's grievances indicate that all nonessential outcount procedures were canceled because of problems involved with the transition to a new computer system for accounting inmates. (Doc. #21 at 25 [Ex. A].) In response, Barendt only offers his conclusory allegations that other nonessential groups are still permitted to utilize an outcount procedure. The other remedies proposed by Barendt would require the court to order the prison to reallocate personnel or to prescribe alternative security measures, which it is not willing to do. The PLRA requires the court to accord "substantial weight to *any* adverse impact on public safety" and follow the least intrusive means possible when considering injunctive relief. 18 U.S.C. § 3626(a)(2) (emphasis added). Accordingly, the court finds that the balance of hardships favors denying the motion for injunctive relief.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for a Preliminary Injunction (Doc. #21).

The parties should be aware of the following:

1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: June 4, 2009.

_____
UNITED STATES MAGISTRATE JUDGE