1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SABIN BARENDT,                              )          3:08-CV-161-LRH (RAM)
                                            )
             Plaintiff,                     )     **REPORT AND RECOMMENDATION**
                                            )     **OF U.S. MAGISTRATE JUDGE**
      vs.                                   )
                                            )
JIM GIBBONS, et al.,                        )
                                            )
             Defendants.                    )
_____)

13      This Report and Recommendation is made to the Honorable Larry R. Hicks, United

14  States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant

15  to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.  Before the court is

16  Defendants' Motion for Summary Judgment. (Doc. #44.)[1]  Plaintiff has opposed (Doc. #49),

17  and Defendants have replied (Doc. #51).  Plaintiff has also moved for summary judgment.

18  (Doc. #43.)  Defendants have opposed (Doc. #65), and Plaintiff has replied (Doc. #79).  After

19  a thorough review, the court recommends that the Defendants' Motion for Summary Judgment

20  be granted.  Plaintiff's Motion for Summary Judgment should be denied.

21                          **I. BACKGROUND**

22      At all relevant times, Plaintiff Sabin Barendt was in custody of the Nevada Department

23  of Corrections (NDOC) as an inmate at the Lovelock Correctional Center (LCC).  (Pl.'s Compl.

24  1 (Doc. #7).)  Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983 and 42

25

26

27

28

_____

     [1] Refers to the court's docket number.

1    U.S.C. § 2000cc *et seq.*[2] (*Id.*)  Defendants are various NDOC administrators and Jim Gibbons,

2    the Governor of Nevada.  (*Id.* at 2.)  Plaintiff seeks injunctive relief and "all other relief this

3    court may deem fair and appropriate." (*Id.* at 21.) Plaintiff belongs to the Jewish faith.  (*Id.* at

4    7.)  The gravamen of his complaint is that the prison's nightly count of inmates interferes with

5    the Friday evening Shabbat religious service.  (*Id.* at 6.)  Plaintiff alleges that the pre-Shabbat

6    candle lighting ceremony (called Seder Kabbahlat Shabbat) is supposed to coincide with the

7    setting of the sun.  (*Id.* at 10.)  As clarified during oral argument on Plaintiff's Motion for a

8    Preliminary Injunction, while Plaintiff is allowed by himself to perform the Seder Kabbahlat

9    Shabbat, other inmates must remain in their cells until the count is completed, typically around

10   7:15 pm.

11                                    **II. LEGAL STANDARD**

12         The purpose of summary judgment is to avoid unnecessary trials when there is no

13   dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

14   1468, 1471 (9th Cir. 1994).  All reasonable inferences are drawn in favor of the non-moving

15   party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*,

16   477 U.S. 242, 244 (1986)).  Summary judgment is appropriate if "the pleadings, the discovery

17   and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

18   material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing

19   Fed.R.Civ.P. 56(c)).  Where reasonable minds could differ on the material facts at issue,

20   however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441

21   (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).  In deciding whether to grant summary

22   judgment, the court must view all evidence and any inferences arising from the evidence in the

23

24         [2] Although Plaintiff indicates in his complaint that he is bringing this action under both 42 U.S.C. § 1983

25   and 42 U.S.C. § 2000cc *et seq.*, he restricts his argument to his claim arising under 42 U.S.C. § 2000cc *et seq.*  In
     his opposition to Defendants' Motion for Summary Judgment, Plaintiff states that he is not pursuing a claim
26   subject to analysis under *Tuner v. Safely*, 482 U.S. 78 (1979), which is the applicable standard for a free exercise
     claim arising under the First Amendment. (Pl.'s Opp. to Summ. J. 5 (Doc. #49).)  Rather, Plaintiff indicates that
27   he seeks to have his claim address under the applicable standards in 42 U.S.C. § 2000cc *et seq.*  Thus, the court
     does not address Plaintiff's possible claim under the First Amendment.

28                                            2

1    light most favorable to the nonmoving party.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.

2    1996).  In doing so, the court must defer to the professional judgment of prison administrators

3    when an inmate civil rights complaint is involved.  *Beard v. Banks*, 548 U.S. 521, 526, 530

4    (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

5         The moving party bears the burden of informing the court of the basis for its motion,

6    together with evidence demonstrating the absence of any genuine issue of material fact.

7    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden,

8    the party opposing the motion may not rest upon mere allegations or denials of the pleadings,

9    but must set forth specific facts showing there is a genuine issue for trial.  *Anderson,* 477 U.S.

10   at 248.  Although the parties may submit evidence in an inadmissible form, only evidence

11   which might be admissible at trial may be considered by a trial court in ruling on a motion for

12   summary judgment. Fed. R. Civ. P. 56(c).

13        In evaluating the appropriateness of summary judgment, three steps are necessary: (1)

14   determining whether a fact is material; (2) determining whether there is a genuine issue for the

15   trier of fact, as determined by the documents submitted to the court; and (3) considering that

16   evidence in light of the appropriate standard of proof.  *Anderson*, 477 U.S. at 248.  As to

17   materiality, only disputes over facts that might affect the outcome of the suit under the

18   governing law will properly preclude the entry of summary judgment; factual disputes which

19   are irrelevant or unnecessary will not be considered.  *Id.*  Where there is a complete failure of

20   proof concerning an essential element of the nonmoving party's case, all other facts are

21   rendered immaterial, and the moving party is entitled to judgment as a matter of law.  *Celotex*,

22   477 U.S. at 323.

23                              **III. DISCUSSION**

24        As this court discussed in denying Plaintiff's Motion for Preliminary Injunction (Doc.

25   #36), Plaintiff's claim founders on the redressability requirement for standing.  This issue is

26   raised *sua sponte* because "federal courts are required sua sponte to examine jurisdictional

27   issues such as standing." *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir.

28

                                       3

1  1999).  To state a cognizable claim, Plaintiff must demonstrate that it is "likely, as opposed to

2  merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the*

3  *Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 181 (2000).

4        The remedy sought by Plaintiff in his complaint is not an order permitting inmates to

5  attend the Friday night Shabbat service through an "outcount" procedure,[3] but rather an

6  injunction preventing NDOC from receiving federal funding.  (Pl.'s Compl. 21.)  Plaintiff offers

7  no proof that NDOC would change the counting procedure to accommodate inmates wishing

8  to attend Seder Kabbahlat Shabbat if the court awarded his requested relief.  At best, the

9  remedy Plaintiff seeks only offers a "speculative" possibility that the prison would change its

10  practices in response to the financial constraints imposed if this court were to prevent it from

11  receiving federal funds.  On this basis alone, Defendants' are likely entitled to summary

12  judgement.  *See Laidlaw*, 528 U.S. at 181.

13        Nevertheless, the court will address the merits of Plaintiff's claim.  Plaintiff brings his

14  claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §

15  2000cc *et seq.*, which provides in relevant part:

16        No government shall impose a substantial burden on the religious exercise of a
          person residing in or confined to an institution... even if the burden results from
17        a rule of general applicability, unless the government demonstrates that
          imposition of the burden on that person

18
19        (1) is in furtherance of a compelling governmental interest; and

20        (2) is the least restrictive means of furthering that compelling governmental
          interest.

21
22  42 U.S.C. § 2000cc-1(a).  "Religious exercise" is defined as "any exercise of religion, whether

23  or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).

24  "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and

25  obtain appropriate relief against a government."  42 U.S.C. § 2000cc-2(a).

26  / / /

27        _____
          [3] This is when prisoners are counted for administrative purposes at a location other than their cells.

28                                              4

To establish an RLUIPA violation, the plaintiff bears the initial burden to prove that the defendants' conduct places a "substantial burden" on his "religious exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). Once the plaintiff establishes a substantial burden, defendants must prove that the burden both furthers a compelling governmental interest and is the least restrictive means of achieving that interest. *Id.* at 995. RLUIPA is to be construed broadly in favor of the inmate. *See* 42 U.S.C. § 2000cc-3(g) ("This chapter shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution"). The Ninth Circuit has set out four factors for the RLUIPA analysis: (1) what "exercise of religion" is at issue; (2) whether there is a "burden," if any, imposed on that exercise of religion; (3) if there is a burden, whether it is "substantial;" and (4) if there is a "substantial burden," whether it is justified by a compelling governmental interest and is the least restrictive means of furthering that compelling interest. *Navajo Nation v. U.S. Forest Service*, 479 F.3d 1024, 1033 (9th Cir. 2007), *aff'd en banc*, 535 F.3d 1058, 1068 (9th Cir. 2008).

Although RLUIPA does not define "substantial burden," the Ninth Circuit has stated that a substantial burden is one that is "'oppressive' to a 'significantly great' extent. That is, a 'substantial burden, on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier*, 418 F.3d at 995 (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). The burden need not concern a religious practice that is compelled by, or central to, a system of religious belief, *see* 2000cc-5(7)(A); however, the burden must be more than an inconvenience. *Navajo Nation*, 479 F.3d at 1033 (internal quotations and citations omitted). In fact, RLUIPA "bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." *Cutter v. Wilkenson*, 544 US 706, 725, n. 13 (2005). The burden must prevent the plaintiff "from engaging in [religious] conduct or having a religious experience." *See Navajo Nation*, 479 F.3d at 1033 (internal citations omitted).

/ / /

5

Plaintiff fails to demonstrate that he suffers a "substantial" burden in practicing his religion under the first step of the RLUIPA analysis.  In fact, Plaintiff submits a memorandum from the LCC Chaplain authorizing Plaintiff's participation in the candle-lighting service. (Pl.'s Mot. for Summ. J. 17 (Doc. #43).)   Moreover, by his own admission during the oral hearing on his motion for a preliminary injunction, he is permitted to attend the candle-lighting service by himself.  His complaint appears to arise from the fact that other inmates are not permitted to attend, thereby precluding the recitation of prayers as a group. (Pl.'s Opp. to Summ. J. at 8 (Doc. #49).)  The inability to collectively worship does not exact an "oppressive" effect on Plaintiff's practice of his religion or preclude him from having a religious experience. Courts have rejected the view that prison personnel are obligated under RLUIPA to provide group services upon inmate request. *Howard v. Skolnik*, No. 2:08-cv-00728-RCJ-GWF, 2008 U.S. Dist. LEXIS 109689, *4, 2008 WL 4568033, *2 (D.Nev. October 8, 2008); *Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004), cert. denied, 545 U.S. 1104 (2005).  Furthermore, other Jewish inmates are permitted to join Plaintiff at the conclusion of the count on Friday evenings. (Defs.' Opp. to Summ. J. 18, Ex. B at 11 (Doc. #65). )  Plaintiff fails to carry his burden under RLUIPA in showing that the NDOC's decision to allow Plaintiff to attend the candle-lighting service alone, without other inmates, constitutes a substantial burden on the exercise of his religious beliefs.  Therefore, Defendants should be granted summary judgment.[4]

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** the Defendants' Motion for Summary Judgment (Doc. #44).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Summary Judgment (Doc. #43).

/ / /

/ / /

---

[4] The court does not find it necessary to consider the remaining defense raised by Defendants at this time.

1    The parties should be aware of the following:

2    1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

3    Local Rules of Practice, specific written objections to this Report and Recommendation within

4    fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

5    Judge's Report and Recommendation" and should be accompanied by points and authorities

6    for consideration by the District Court.

7    2.    That this Report and Recommendation is not an appealable order and that any

8    notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

9    District Court's judgment.

10    DATED:  February 11, 2010.

11

12    _____

13    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        7