UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

SABIN GREGORY BARENDT,  )
)   3:08-cv-00161-LRH-WGC
              Plaintiff,  )
)   ORDER
vs.  )
)
JIM GIBBONS, et al.,  )
)
              Defendants.  )
)

       Before the court is plaintiff Sabin Gregory Barendt's Motion for Substantive Relief (#105[1]). Defendants have responded (#106). Barendt has moved to strike this response (#107).[2]

       On March 30, 2010, this court adopted and accepted the Magistrate Judge's Report and Recommendation (#80), granting summary judgment to Defendants on Barendt's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000c et seq. Barendt appealed to the Ninth Circuit, the Ninth Circuit affirmed, and this court entered its Order on Mandate (#104) on June 29, 2012. Barendt moves to vacate the adverse judgment under Federal Rules of Civil Procedure 55 and 60.

       Under Rule 60(b), the court may relieve Barendt from its final judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that

---

[1] Refers to the court's docket entry number.

[2] Barendt's Motion to Strike is based singly on the premise that the State of Nevada did not inform him of a "change in counsel." This is an improper basis on which to ground a motion to strike, and the motion is therefore denied.

justifies relief." Barendt alleges both that the judgment is mistaken and that principles of equity mandate relief. Yet Barendt has identified no mistake warranting reconsideration of the court's judgment, and the identification of such a mistake is his burden to bear. *See Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D. Cal. 2010). Barendt also argues that his unfamiliarity with the law constitutes excusable neglect. It does not. *See Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043-44 (9th Cir.1992). Finally, Barendt, in his plea for equitable reconsideration, has failed to demonstrate "extraordinary circumstances [that] prevented [him] from taking timely action to prevent or correct an erroneous judgment" sufficient to warrant reconsideration under Rule 60(b)(6).[3] Therefore, Barendt has failed to demonstrate grounds on which the court may reconsider judgment.

IT IS THEREFORE ORDERED that Barendt's Motion for Substantive Relief (#105) is DENIED.

IT IS FURTHER ORDERED that Barendt's Motion to Strike (#107) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Neither Rule 55(c), governing default judgments, nor Rule 50, providing the conditions under which a new trial is appropriate, are applicable here.