UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

SABIN GREGORY BARENDT,
            Plaintiff,

v.

JIM GIBBONS, *et al.*,
            Defendants.

3:08-cv-00161-LRH-WGC

ORDER

      Before the Court is Plaintiff Sabin Gregory Barendt's ("Barendt") Motion to Reconsider pursuant to a recent United States Supreme Court decision.  Doc. #111.[1]  Defendants did not file a response.

      This case involved a religious accommodation claim on behalf of Barendt, an inmate with the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center ("Lovelock"). Barendt argued that his rights had been violated under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because he was not permitted to conduct Friday evening Shabbat candle-lighting services with a group of other Jewish inmates due to Lovelock's policy of conducting a count of inmates on Friday evenings.  Lovelock's Chaplain authorized Barendt to participate in a candle-lighting service by himself, but this apparently did not enable Barendt to participate in Shabbat candle-lighting services with a group. Doc. #43 at 17; Doc. #49 at 8.

      Both parties filed motions for summary judgment, and on February 11, 2010, the Magistrate Judge recommended that the Court grant Defendants' motion and deny Barendt's

---

[1] Refers to the Court's docket number.

1  motion. Doc. #80.[2] The Court adopted the Magistrate Judge's recommendation on March 30,
2  2010. Doc. #84. Barendt filed a Notice of Appeal, and the Ninth Circuit Court of Appeals
3  affirmed the Court's judgment on January 25, 2012. Doc. #95. The United States Supreme
4  Court decided *Holt v. Hobbs*, 135 S. Ct. 853 (2015), on January 20, 2015. Barendt argues that
5  this case warrants reconsideration of the Court's order granting summary judgment in favor of
6  Defendants. *See* Fed. R. Civ. P. 60(b) (permitting a court to grant relief from a final judgment);
7  *Sch. Dist. No. 1J, Multonmah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)
8  ("Reconsideration is appropriate if . . . there is an intervening change in controlling law.").

9  RLUIPA provides that no government entity can "impose a substantial burden on the
10  religious exercise of a person residing in or confined to an institution . . . unless the government
11  demonstrates that imposition of the burden on that person . . . (A) is in furtherance of a
12  compelling government interest; and (B) is the least restrictive means of furthering that
13  compelling interest." 42 U.S.C. § 2000cc(a)(1). "Religious exercise" is defined as "any exercise
14  of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* §
15  2000cc-5(7)(A). *Holt* held that the Arkansas Department of Correction's policy forbidding
16  inmates from growing a half-inch beard in observance of their Muslim beliefs violated RLUIPA
17  because the state failed to show that the policy was the least restrictive means of furthering the
18  state's compelling interest. 135 S. Ct. at 859. The Court emphasized that the state permitted
19  prisoners to grow mustaches and allowed quarter-inch beards for medical reasons but made no
20  such exceptions for observant Muslims. *Id.* at 865-66.

21  Barendt argues that Lovelock's policy forbidding him from participating in Friday night
22  Shabbat candle-lighting services with other Jewish inmates violates RLUIPA and *Holt* because
23  Lovelock could have imposed a less-restrictive alternative, such as counting inmates at another
24  time of the day rather than Friday night near sundown. Barendt also argues that Lovelock
25  granted exceptions to mandatory attendance for the Friday night counts in other situations.

---

[2] Although the Magistrate Judge granted Defendants' motion on the merits, he noted as an initial matter that summary judgment in Defendants favor would also be appropriate for lack of standing because the remedy sought by Barendt's Complaint was not an order permitting inmates to attend Friday night Shabbat services, but rather an injunction preventing NDOC from receiving federal funding. Doc. #80 at 4. Thus, Barendt offered no proof that the Lovelock would change its counting procedure if Barendt was awarded his requested remedy. *Id.*

The Court finds that *Holt* does not warrant reconsideration.  The first question in the RLUIPA analysis is whether the inmate's religious activity has been substantially burdened.  *See id.* at 859 (beginning the Court's analysis with a determination that the prison's policy substantially burdened Holt's religious exercise).  In *Holt*, the inmate was prohibited from a certain religious exercise —maintaining a half-inch beard—in its entirety.  Here, on the other hand, Lovelock has permitted Barendt to conduct Friday night Shabbat candle-lighting services, just not with a group of other Jewish inmates.  Courts have rejected arguments that prison personnel are obligated under RLUIPA to provide group religious services upon request.  *See Countryman v. Palmer*, No. 3:11-cv-0852, 2012 WL 4340659, at *4 (D. Nev. Aug. 7, 2012) (finding that where the inmate was permitted to join group Episcopalian services at other times, RLUIPA did not require the prison to allow group services at a certain time); *Adkins v. Kaspar*, 393 F.3d 559, 571 (5th Cir. 2004) (finding that a policy that prevented inmates from congregating with other inmates of the same faith for many Sabbath and other holy days did not violate RLUIPA).  Moreover, in this case the Ninth Circuit previously found that Barendt "failed to introduce evidence that this limited restriction on a group religious service substantially burdened his ability to exercise his religion."  Doc. #95 at 2.  The Court finds no language in *Holt* that requires departure from the Ninth Circuit's decision affirming the Court's judgment because Barendt failed to show a substantial burden.  Accordingly, Barendt's Motion for Reconsideration is denied.

IT IS THEREFORE ORDERED that Barendt's Motion for Reconsideration (Doc. #111) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE