UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

SABIN GREGORY BARENDT,  )
                                 )  3:08-cv-00161-LRH-WGC
          Plaintiff,  )
                                 )
v.                                   )  ORDER
                                 )
JIM GIBBONS, *et al.*,  )
                                 )
          Defendants.  )
                                 )

       Before the Court is Plaintiff Sabin Gregory Barendt's ("Barendt") Objection to the Court's Order denying Reconsideration based on *Holt v. Hobbs*, 135 S. Ct. 853 (2015). Doc. #113.[1] Defendants did not file a response.

       This case involved a religious accommodation claim on behalf of Barendt, an inmate with the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center ("Lovelock"). Barendt argued that his rights had been violated under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because he was not permitted to conduct Friday evening Shabbat candle-lighting services with a group of other Jewish inmates due to Lovelock's policy of conducting a count of inmates on Friday evenings. Lovelock's Chaplain authorized Barendt to participate in a candle-lighting service by himself, but this apparently did not enable Barendt to participate in Shabbat candle-lighting services with a group, which Barendt argues substantially burdened his right to religious activity. Doc. #43 at 17; Doc. #49 at 8.

       Both parties filed motions for summary judgment, and on February 11, 2010, the Magistrate Judge recommended that the Court grant Defendants' motion and deny Barendt's

---

[1] Refers to the Court's docket number.

1 motion. Doc. #80.[2]  The Court adopted the Magistrate Judge's recommendation on March 30, 2010.  Doc. #84.  Barendt filed a Notice of Appeal, and the Ninth Circuit Court of Appeals affirmed the Court's judgment on January 25, 2012.  Doc. #95.

On January 20, 2015, the United States Supreme Court decided *Holt v. Hobbs*.  In *Holt*, the Court held that an inmate's religious rights had been substantially burdened when prison officials did not allow the inmate to grow a half-inch beard in observance of his Muslim beliefs. 135 S. Ct. at 862-63.  On July 7, 2015, Barendt filed a Motion for Reconsideration, arguing that *Holt* warrants reconsideration of the Court's order granting summary judgment in favor of Defendants.  *See* Fed. R. Civ. P. 60(b) (permitting a court to grant relief from a final judgment); *Sch. Dist. No. 1J, Multonmah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if . . . there is an intervening change in controlling law.").  On August 8, 2015, the Court held that *Holt* did not warrant reconsideration because Barendt did not establish that his RLUIPA-protected religious activity—lighting Shabbat candles at Sundown on Friday evenings—was substantially burdened.  Doc. #112 at 3.  The Court noted that in affirming its prior Order, the Ninth Circuit held that Barendt "failed to introduce evidence that this limited restriction on a group religious service substantially burdened his ability to exercise his religion." *See* Doc. #95 at 2.

On August 26, 2015, Barendt filed an Objection to the Court's Order denying reconsideration.  Doc. #113.  Barendt re-asserts two primary arguments.  First, Barendt argues that his religious activity was substantially burdened because he was not allowed to light Shabbat candles with a group of other inmates.  Second, Barendt argues that Defendants never established that disallowing Barendt from lighting Shabbat candles with a group of other inmates was the least restrictive means of achieving a compelling government interest.

RLUIPA provides that no government entity can "impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government

---

[2] Although the Magistrate Judge granted Defendants' motion on the merits, he noted as an initial matter that summary judgment in Defendants favor would also be appropriate for lack of standing because the remedy sought by Barendt's Complaint was not an order permitting inmates to attend Friday night Shabbat services, but rather an injunction preventing NDOC from receiving federal funding.  Doc. #80 at 4.  Thus, Barendt offered no proof that the Lovelock would change its counting procedure if Barendt was awarded his requested remedy.  *Id.*  Barendt's challenge to this finding is unpersuasive.

1  demonstrates that imposition of the burden on that person . . . (A) is in furtherance of a
2  compelling government interest; and (B) is the least restrictive means of furthering that
3  compelling interest." 42 U.S.C. § 2000cc(a)(1). "Religious exercise" is defined as "any exercise
4  of religion, whether or not compelled by, or central to, a system of religious belief." *Id.*
5  § 2000cc-5(7)(A). The Ninth Circuit has defined "substantial burden" as "oppressive to a
6  significantly great extent." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (internal
7  quotation marks omitted). Thus, "a 'substantial burden' on 'religious exercise' must impose a
8  significantly great restriction or onus upon such exercise." *Id.* *Holt* held that the Arkansas
9  Department of Correction's policy forbidding inmates from growing a half-inch beard in
10 observance of their Muslim beliefs violated RLUIPA because the state failed to show that the
11 policy was the least restrictive means of furthering the state's compelling interest. 135 S. Ct. at
12 859. The Court emphasized that the state permitted prisoners to grow mustaches and allowed
13 quarter-inch beards for medical reasons but made no such exceptions for observant Muslims. *Id.*
14 at 865-66.
15        There is no doubt that lighting Shabbat candles on Friday at sundown is a protected
16 religious activity under RLUIPA. Thus, preventing this activity would substantially burden the
17 exercise of a religious activity. However, the record indicates that Barendt was permitted to light
18 Shabbat candles on Friday at sundown. Additionally, Barendt was permitted to attend group
19 religious services at other times, and other inmates were permitted to join Barendt following the
20 count on Friday evenings. Doc. #65, Ex. B at 11. Accordingly, Defendants did not impose an
21 absolute restriction on Barendt's right to attend group religious services, which would have
22 constituted a substantial burden. *See Green v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir.
23 2008) (finding that an outright ban on a prisoner's right to attend group religious worship
24 substantially burdened the exercise of his religion). Rather, Defendants merely restricted Barendt
25 from attending group religious worship at certain times, which does not constitute a substantial
26 burden. *See Epps v. Grannis*, 606 Fed. Appx. 329, 330 (9th Cir. 2015) (finding that the district
27 court properly dismissed plaintiff's RLUIPA claim concerning "defendants' failure to allow him
28 to worship in a group setting following a prison riot"); *Countryman v. Palmer*, No. 3:11-cv-0852,

1  2012 WL 4340659, at *4 (D. Nev. Aug. 7, 2012) (denying preliminary injunction because
2  plaintiff could not establish likelihood of irreparable harm where the inmate was permitted to
3  join group Episcopalian services at certain times, because RLUIPA did not require the prison to
4  allow group services at a specific time); *Adkins v. Kaspar*, 393 F.3d 559, 571 (5th Cir. 2004)
5  (finding that a policy that prevented inmates from congregating with other inmates of the same
6  faith for many Sabbath and other holy days did not violate RLUIPA).  Moreover, in this case the
7  Ninth Circuit previously found that Barendt "failed to introduce evidence that this limited
8  restriction on a group religious service substantially burdened his ability to exercise his religion."
9  Doc. #95 at 2.

10  The Court finds no language in *Holt* that requires departure from the Ninth Circuit's
11  decision affirming the Court's judgment because Barendt failed to show a substantial burden.
12  Because the Court finds that Barendt has failed to establish that his religious activity was
13  substantially burdened, the Court need not determine whether the restriction was the least
14  restrictive means of achieving a compelling state interest.  *See Holt*, 135 S. Ct. at 863 (finding
15  that once the plaintiff establishes a substantial burden, the burden shifts to the defendant to
16  establish least restrictive means).  Accordingly, the Court overrules Barendt's Objection to the
17  Court's Order denying his Motion for Reconsideration.

18  IT IS THEREFORE ORDERED that Barendt's Objection (Doc. #113) is OVERRULED.
19  IT IS SO ORDERED.
20  DATED this 20th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE